TRUMAN Q. MCNULTY, Chairman, Board of Health and Social Services
WILBUR J. SCHMIDT, Secretary, Department of Health and SocialServices
You have requested my opinion as to whether the Department of Health and Social Services through its Board has the legal authority to adopt an emergency rule pursuant to sec. 227.027, Stats., which would require a review as to "need" of nursing home and hospital construction.
At the outset, it should be observed that a rule providing for approval by the Department of Health and Social Services of proposed construction on the basis of need for such construction would curtail the operations of a private industry. Clearly, the effect of such a rule would result in the regulation of competition by establishing a monopoly in existing health care facilities.
The primary authority of the Department relating to the construction of nursing homes and hospitals is found in chs. 146 and 140 respectively. Section 146.30 reads as follows:
"(2) STANDARDS. The department may develop, establish and enforce standards (a) for the care, treatment, health, safety, welfare and comfort of patients in nursing homes and (b) for the construction, general hygiene, maintenance and operation of nursing homes, which, in the light of advancing knowledge, will promote safe and adequate accommodation, care and treatment of such patients in nursing homes; and promulgate and enforce rules consistent with this section."
Section 140.27, Stats., relating to hospitals reads as follows:
"RULES AND STANDARDS. (1) The department shall promulgate, adopt, amend and enforce such rules and standards for hospitals for the construction, maintenance and operation of the hospitals deemed necessary to provide safe and adequate care and treatment of the patients in the hospitals and to protect the health and safety of the patients and employes; and nothing contained herein shall pertain to a person licensed to practice medicine and surgery or dentistry. The building codes and construction standards *Page 155 
of the department of industry, labor and human relations shall apply to all hospitals and the department may adopt additional construction codes and standards for hospitals, provided they are not lower than the requirements of the department of industry, labor and human relations. Except for the construction codes and standards of the department of industry, labor and human relations and except as provided in s. 140.29 (3), the department shall be the sole agency to adopt and enforce rules and standards pertaining to hospitals."
Both statutes cited above relate to the physical aspects of construction of nursing homes and hospitals. Such facilities are subject to standards in terms of adequacy in design, structure and equipment for the protection of patients. Nothing in these statutes suggest that the Department has authority to regulate competition in the health care industry. If the plan of a proposed facility meets the qualitative standards of the department, approval of such construction is mandatory. A showing of "need" is not required nor contemplated. Quality cannot be equated with quantity. A statute designed for a particular purpose cannot be used for a wholly different purpose.Nekoosa-Edwards P. Co. v. Public Serv. Comm. (1959), 8 Wis.2d 582,99 N.W.2d 821.
Under its police power, the legislature has the authority to regulate levels of competition in those industries where the public interest is vitally affected. Section 221.01 (5), Stats., provides that an applicant for a bank charter must show a need for further banking. Section 195.45, Stats., provides that an applicant for a license as a common carrier must show public convenience and necessity. The same is true with regard to expansion of public utilities under sec. 196.49 (4), Stats. However, no comparable language can be found in the statutes relating to health care facilities.
The authority of a department must spring from legislative enactments. This is a fundamental aspect of representative government. For that reason, the courts have repeatedly held that a department or an agency has only such powers as can be found within the four corners of the statutes creating it. UnionIndemnity Co. v. Smith (1925), 187 Wis. 528, 205 N.W. 492; UnitedParcel Service v. Public Service Comm. (1942), 240 Wis. 603,4 N.W.2d 138. *Page 156 
Agency rules which go beyond legislative authorization are void. American Brass Co. v. State Board of Health (1944),245 Wis. 440, 15 N.W.2d 27; Muench v. Public Service Commission
(1952), 261 Wis. 492, 53 N.W.2d 514. The power granted to an agency may not be enlarged or limited by it. ClintonvilleTransfer Line v. Public Service Comm. (1951), 258 Wis. 570,46 N.W.2d 741. An administrative agency has only such powers as are expressedly granted by statutes or necessarily implied and its administrative rules must be in accord with statutory policy.Josam Mfg. Co. v. State Board of Health (1965), 26 Wis.2d 587,133 N.W.2d 301.
The primary statutes delegating authority to the Department of Health and Social Services cannot be rationally construed as providing a basis for regulating competition in the building of private health care facilities. In absence of such an enactment, the department cannot unilaterally decide on behalf of the people of the State of Wisconsin what is in the best interest of the public. Clearly this is a legislative determination.
Any rule, whether adopted on an emergency basis or otherwise, which attempts to regulate competition in the private health facility industry transcends the scope of departmental authority. Such a rule would be null and void.
RWW:WLJ